IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERESA LAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-00026-N |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY, et al., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the undersigned on Plaintiff's Motion to Remand (Doc. 12) filed on February 20, 2015, Defendant's response in opposition (Doc. 14) and Plaintiff's reply (Doc. 17). By the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Docs. 16, 20) Upon consideration, and for the reasons stated herein, Plaintiff's motion to remand (Doc. 12) is **DENIED**.

I.    **Background**

On December 17, 2014, Plaintiff Teresa Lawson ("Plaintiff") filed a complaint against Defendant State Farm Fire and Casualty Company. ("Defendant") in the Circuit Court of Baldwin County, Alabama. (*See* Doc. 1-1 at 1-2). On January 22 2015, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and

1446, alleging diversity under 28 U.S.C. § 1332(a)(1) as the sole basis for the Court's subject matter jurisdiction.  (*See generally* Doc. 1).  Plaintiff has filed a motion to remand (Doc. 12) pursuant to 28 U.S.C. § 1447(c), arguing that Defendant has failed to meet its burden of demonstrating subject matter jurisdiction in this action. Defendant has timely filed a response (Docs. 14) in opposition to the motion.

## II.   <u>Analysis</u>

 "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).

Generally, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction…to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  *See also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1060 (11th Cir. 2010) ("If a state-court complaint states a case that satisfies federal jurisdictional requirements, a defendant may remove the action to federal court pursuant to 28 U.S.C. § 1446(b).").  "Just as a plaintiff bringing an original action is bound to assert jurisdictional bases under Rule 8(a), a removing defendant must also allege the factual bases for federal jurisdiction in its notice of removal under [28 U.S.C. ]§ 1446(a)[,]"  *Lowery v. Alabama Power Co.*, 483

F.3d 1184, 1216-17 (11th Cir. 2007), and "bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Moreover, the law is clear that, " '[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly.  Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.' "  *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (quoting *Univ. of S. Ala.*, 168 F.3d at 411 (citation omitted)).

Defendant's sole basis for removal is diversity of citizenship. Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See Darden v. Ford Consumer Finance Co.*, 200 F.3d 753, 755 (11th Cir.2000) (to qualify for diversity jurisdiction, complaint must establish "complete diversity of the parties' citizenship and an amount in controversy exceeding $75,000"); *Triggs v. John Crump Toyota, Inc .*, 154 F.3d 1284, 1287 (11th Cir.1998) (similar).  "In light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly construe the statutory grant of diversity jurisdiction ... [and] to scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir.2000) (citations omitted).

In its notice of removal, Defendant has properly alleged facts establishing

3

that this is a civil action "between citizens of different States[,]"[1] § 1332(a)(1), and Plaintiff does not challenge the allegations supporting diversity of citizenship. (Doc. 12 at 2, ¶ 5). Plaintiff does, however, challenge whether the amount in controversy exceeds $75,000, exclusive of interest and costs.

Plaintiff's complaint alleges state law claims for breach of contract and bad faith arising from Defendant's denial of her claim under an uninsured motorist auto insurance policy for a "loss or damage" suffered by her "on or about November 12, 2013." (Doc. 1-1 at 2-5). Plaintiff's accident occurred in Foley Alabama, and involved an unknown motorist who left the scene. (*Id.* at 3-13). The complaint does not plead a specific amount of damages, instead demanding "compensatory and punitive damages" for "past and future pain and suffering; ...metal anguish;... lost wages and/or lost earning capacity;... loss of enjoyment of life;...medical expenses; permanent injuries and/or disabilities; and or others as proven." (*Id.* at 2-3).

Plaintiff does not contend that the amount in controversy is below the $75,000 threshold, nor does she deny that she is claiming damages of at least that amount. Plaintiff argues that Defendant has failed to establish the jurisdictional amount by a preponderance of the evidence, and is instead improperly relying on sheer speculation as to amount in controversy.

---

[1]     Specifically, Plaintiff, a natural person, is alleged to be a citizen of Alabama, while Defendant, a corporation, is alleged to be a citizen of Illinois, as it was incorporated under that state's laws and has its principal place of business there, s*ee* § 1332(c)(1) (generally, "for the purposes of this section and section 1441 of this title**...**a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business...").

While Plaintiff has also sued fictitious defendants, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a)..., the citizenship of defendants sued under fictitious names shall be disregarded." § 1441(b)(1).

"If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe*, 613 F.3d at 1061 (quotation omitted).  *See also Williams*, 269 F.3d at 1319 ("Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.").  "In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper."  *Roe*, 613 F.3d at 1061 (citing *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744 (11th Cir. 2010)).  The Eleventh Circuit has explained that "if the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand." *Lowery*, 483 F.3d at 1211. Moreover, because "the district court has before it only the limited universe of evidence available when the motion to remand is filed-i.e., the notice of removal and accompanying documents," if that evidence is inadequate to establish jurisdiction, then "neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Id*. at 1214-15 (footnotes omitted). The law is clear that "the existence of jurisdiction should not be divined by looking to the stars." *Id*. at 1215.

Defendant's response to Plaintiff's motion to remand makes the following allegations in support of requisite amount in controversy, appearing to argue that

the amount in controversy is apparent from the complaint and supporting exhibits:

> The evidence in the record shows that Plaintiff's compensatory damages for UM benefits likely equal an amount of at least $100,000 or greater. Plaintiff shows in her counsel's letter to State Farm, in the Complaint, and in the motion to remand that she seeks the separate $50,000 benefits of all of the "policies" and will therefore at least seek more than the maximum benefit of two of the three policies of $50,000. In the August 19, 2014 letter, Plaintiff's counsel stated that "we plan on pursuing not only the medpay benefits under her 3 policies that were in effect, but also the UIM coverage as it relates to this accident." (Doc. 1-1, at 34). The Complaint further noted an intent to pursue all of the $50,000 policies. It alleged that "policies were in full force and effect at the time of the incident made the basis of this suit, and . . . each policy provided $50,000 of uninsured motorist coverage per person." (Compl., at 2, ¶ 3). Plaintiff admitted in her motion to remand that "Plaintiff is seeking uninsured motorist benefits under the insurance policies issued by Defendant." (Doc. 12, at 1) (emphasis added). Nothing in the record refutes her expressed desire to seek the benefits of all policies. Accordingly, the value of the compensatory damages on the UM benefits claim alone is likely worth more than an amount equal to or more than $100,000 because Plaintiff must exhaust the benefits of the first two of her policies to claim any of the third policy of $50,000.

(Doc. 14 at 5, ¶ 2-3).  Defendant notes that "stacking" of uninsured motorist policies in a claim as Plaintiff has done is a common acceptable legal practice.[2]

In reply, Plaintiff maintains that "[t]he fact that Plaintiff has pointed out the maximum amount of coverage that would possibly be available to her is $150,000, does not automatically mean her claim is worth at least $100,000."  (Doc. 17 at 1-2, ¶ 2).  Specifically, Plaintiff argues:

> Obviously, just because there is available insurance coverage does not automatically mean a plaintiff's claim is valued at two-thirds of the available coverage.  The  simple truth is that at the time Defendant removed this case there is no way to know what Plaintiff[']s case is

---

[2] Pursuant to § 32-7-23(c), Ala. Code, 1975, Plaintiff can stack the UM coverages up to three coverages on one policy. There is no limit to the number of policies an insured may stack. *State Farm Mutual Automobile Ins. Co. v. Fox.*, 541 So. 2d 1070 (Ala. 1989). (Doc. 14 at 5.2).

> potentially worth. If there were three separate $500,000 policies could
> it automatically make the Plaintiff[']s claim worth at least $1,000,000?
> A removing defendant cannot satisfy its burden of establishing federal
> jurisdiction by making a conclusory allegation in the notice of removal
> that the jurisdictional amount is satisfied, without setting forth the
> underlying facts supporting the assertion. *Williams v. Best buy Co.,
> Inc.*, 269 F.3d 1316, 1319-1320 (11th Cir. 2001).  There has simply been
> no facts, or actual evidence, put forth by Defendant in support of its
> allegation that Plaintiff's compensatory damages for UM benefits
> equals $75,000, much less $100,000.

(Id. at 2, ¶ 3)(internal quotations omitted).  Plaintiff's assertion that the availability

of insurance coverage does not automatically attach a value to claims presented by

any plaintiff is correct.   Rather, Plaintiff's claims create an inference as to the

amount in controversy.   Defendant notes that in order to attain any amount of

recovery from the third policy Plaintiff would necessarily have to exhaust the first

two policies and Plaintiff continues to claim that she is seeking to recover from all

three policies.   By demanding payment from all three of the policies, Plaintiff is

seeking to recover more than $100,000.   The fact that Plaintiff's demand for

recovery was made in this manner, is evidence that she seeks more than the

required jurisdiction threshold.

> If a defendant alleges that removability is apparent from the face of
> the complaint, the district court must evaluate whether the complaint
> itself satisfies the defendant's jurisdictional burden. In making this
> determination, the district court is not bound by the plaintiff's
> representations regarding its claim, nor must it assume that the
> plaintiff is in the best position to evaluate the amount of damages
> sought. Indeed, in some cases, the defendant or the court itself may be
> better-situated to accurately assess the amount in controversy.
>
> Eleventh Circuit precedent permits district courts to make reasonable
> deductions, reasonable inferences, or other reasonable extrapolations
> from the pleadings to determine whether it is facially apparent that a
> case is removable. Put simply, a district court need not suspend reality

or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Roe*, 613 F.3d at 1061-62 (citations and quotation omitted).

Generally, "events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." *Poore v. Am.–Amicable Life Ins. Co.*, 218 F.3d 1287, 1291 (11th Cir. 2000), *overruled in part on other grounds as recognized by Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 641 (11th Cir. 2007). *Accord One Buckhead Loop Condo. Ass'n, Inc. v. Pew*, 484 F. App'x 331, 334 (11th Cir. 2012) (*per curiam*). Thus, "[w]here…'the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction.' " *Bankhead v. Am. Suzuki Motor Corp.*, 529 F. Supp. 2d 1329, 1334 (M.D. Ala. 2008) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). See also *Davison v. Lefever*, Civil Action No. 13-00157-N, 2013 WL 4012654, at *2-3 (S.D. Ala. Aug. 5, 2013) ("In determining its subject-matter jurisdiction, this Court is not concerned with the plaintiffs' present or future intentions; the critical point in time is, instead, when the case was removed.)

That said, it is not true that "post-removal facts must ***never*** be considered in evaluating removal jurisdiction. Rather, the law is clear that post-removal developments are properly weighed where they shed light on the amount in controversy at the time of removal." *Land Clearing Co., LLC v. Navistar, Inc.*, Civil

Action No. 11–0645–WS–M, 2012 WL 206171, at *3 (S.D. Ala. Jan. 24, 2012)
(Steele, J.) (emphasis in original) (citing *Pretka*, 608 F.3d at 772–73; and *Sierminski
v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)).  *Accord Davison*, 2013
WL 4012654, at *3.

> "[W]hat is prohibited are post-removal changes in the amount in
> controversy, not post-removal clarifications of the amount that was in
> controversy at the moment of removal." *Jackson v. Select Portfolio
> Servicing, Inc.,* 651 F. Supp. 2d 1279, 1282 (S.D. Ala. 2009).  Thus, if a
> plaintiff comes forward after removal and clarifies (as opposed to
> altering) facts bearing on the amount in controversy, courts in this
> Circuit routinely accept such evidence in determining whether § 1332
> jurisdiction existed at the moment of removal.

*Land Clearing*, 2012 WL 206171, at *3.

Plaintiff has made no offering of evidence to rebut the claims made by
Defendant.  Although there is no requirement for such, the only "clarification"
offered by Plaintiff goes to the amount owed to Medicaid.[3]  Moreover, Plaintiff has
not stipulated or clarified that she seeks $75,000 or less.  The Defendant has met its
burden in proving beyond a preponderance of the evidence that the amount in
controversy requirement is met.

## Conclusion

For all of the foregoing reasons, the undersigned finds that Defendant has
satisfied its burden of showing the existence of the jurisdictional amount by a
preponderance of the evidence. Accordingly, removal was proper and federal subject

---

[3] Plaintiff states that only $7,104.46 in medical payments are due to be reimbursed
to Medicaid.

9

matter jurisdiction properly lies pursuant to 28 U.S.C. § 1332.  Plaintiffs' Motion for

Remand (Doc. 12) is **DENIED**.

      **DONE** this the 30<u>th</u>  day of March 2015.

/s/ Katherine P. Nelson    
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**
