**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TERESA LAWSON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 15-00026-N** |
| | ) | |
| **STATE FARM FIRE AND CASUALTY** | ) | |
| **COMPANY,** | ) | |
| **Defendant.** | ) | |

## ORDER

This action is before the Court on the Motion to Dismiss Second and Third Causes of Action (Doc. 7) filed by Defendant State Farm Fire and Casualty Company ("State Farm"). State Farm moves for dismissal of these causes of action for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), or in the alternative for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1).

This motion has been fully briefed (*see* Docs. 7, 18, 21) and is ripe for adjudication (*see* Doc. 11). By the consent of the parties (*see* Doc. 16), the Court has designated the undersigned Magistrate Judge to conduct all proceedings in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (*See* Doc. 20). Upon consideration, and for the reasons stated herein, the Court finds that the motion is due to be **DENIED in part** and **GRANTED in part**, with leave given to file an amended complaint, as set out.

## I.    Facts

On November 12, 2013, Plaintiff Teresa Lawson ("Lawson") was operating her vehicle at the intersection of Jupiter St. and Michigan Ave. in Foley, Alabama, and had brought her vehicle to a complete stop, when a vehicle traveling immediately behind her failed to stop at the intersection, thereby striking Plaintiff's

vehicle in the rear.  The vehicle then stopped and the occupants informed Lawson that they had called the police.  After that, the occupants reentered their vehicle and drove off without providing Lawson with any information.  Eventually Lawson learned that the police were never called.  She eventually filed a police report, and made a claim with State Farm. On October 29, 2014, State Farm denied Lawson's claim for payment under her UM contract. State Farm stated, "Our investigation has determined that you did not comply with the policy provisions of filing a police report within 24 hours of the loss.  Therefore, the Uninsured Motorist Coverage will not extend to this loss."[1]

## II.   Procedural History

On December 17, 2014, Lawson filed a complaint against State Farm in the Circuit Court of Baldwin County, Alabama, alleging claims for uninsured/underinsured motorist ("UM/UIM") coverage ("First Cause of Action")[2] and bad faith ("Second" and "Third Cause[s] of Action") arising from State Farm's failure to pay UM/UIM benefits to her pursuant to an insurance policy she held with State Farm.  (See Doc. 1-1 at 2 – 6).  On January 22, 2015, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.  (See generally Doc. 1).  Removal was timely pursuant to 28 U.S.C. § 1446, and the Court has original

_____

[1] This statement of facts is derived from the allegations in Lawson's Complaint (Doc. 1-1 at 2 – 6), which the Court must accept as true for purposes of the present motion to dismiss for failure to state a claim.  *See, e.g.*, *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (in deciding a motion to dismiss under Rule 12(b)(6), a court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs.").

[2] "As statutorily defined, '*un* insured motorist' includes '*under* insured' motorist."  *Lowe v. Nationwide Ins. Co.*, 521 So. 2d 1309, 1309 n.1 (Ala. 1988) (citing Ala. Code § 32-7-23(b)).

jurisdiction due to diversity pursuant to 28 U.S.C. § 1332.  (Doc. 22).

Following removal, State Farm filed the present motion to dismiss Lawson's bad faith causes of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, or, alternatively, under Rule 12(b)(1) for lack of subject matter jurisdiction.  (Doc. 7)  Because this Court must first have subject matter jurisdiction before it can address the merits of Lawson's claims under Rule 12(b)(6), the Court will address State Farm's arguments under Rule 12(b)(1) first.

## III.   Analysis

### A.      Applicable Law

Before addressing the parties' substantive contentions, the Court must decide what substantive law governs the claims in this diversity action.  "A federal court in a diversity case is required to apply the laws, including principles of conflict of laws, of the state in which the federal court sits."  *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1139 (11th Cir. 2005) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).

> Alabama law follows the traditional conflict-of-law principles of *lex loci contractus* and *lex loci delicti*. See *Liberty Mut. Ins. Co. v. Wheelwright*, 851 So.2d 466 (Ala. 2002). Under the principles of *lex loci contractus*, a contract is governed by the law of the jurisdiction within which the contract is made. *Cherry, Bekaert & Holland v. Brown*, 582 So.2d 502 (Ala.1991).  Under the principle of *lex loci delicti*, an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred. *Fitts v. Minnesota Mining & Mfg. Co.*, 581 So.2d 819 (Ala.1991).

*Lifestar Response of Alabama, Inc. v. Admiral Ins. Co.*, 17 So. 3d 200, 213 (Ala. 2009) (footnote omitted).

Here, Lawson's injuries all appear to have occurred in Alabama.  The parties apply Alabama law in their briefing, and neither has argued that the law of any other jurisdiction should apply to Lawson's claims.  Therefore, the Court will apply Alabama law to the bad faith claims at issue.

**B.**     **Rule 12(b)(1) Motion to Dismiss for Lack of Ripeness**

      **1.**          **Standard of Review**

As the Eleventh Circuit has explained the standard on motions to dismiss for lack of subject matter jurisdiction:

> Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms. "Facial attacks " on the complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), cert. denied, 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977)). "Factual attacks," on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id.
>
> These two forms of attack differ substantially. On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion-the court must consider the allegations of the complaint to be true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.), cert. denied, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). But when the attack is factual, the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of

jurisdictional claims. Id. at 412–13 (quoting Mortensen, 549 F.2d at 891).

*Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990).

### 2.  Legal Conclusion

State Farm moves to dismiss Lawson's bad faith claims, set forth in the Second and Third Causes of Action in her Complaint, without prejudice for lack of subject matter jurisdiction.  (Doc. 7).  State Farm does not dispute that, at time of the underlying accident, Lawson had a valid policy with it for UM/UIM benefits. State Farm's motion is a facial attack on Lawson's bad faith and breach of contract claims, arguing that, under the reasoning of *Pontius v. State Farm Mutual Automobile Insurance Company,* 915 So. 2d 557 (Ala. 2005), those claims are not ripe for adjudication, and thus do not present a justiciable controversy.

The Alabama Supreme Court recently explained *Pontius* as follows:

*Pontius* involved a husband and wife who were in a car accident with a vehicle driven by an uninsured driver, a minor. The husband and wife sued the minor and the minor's parents and then filed a claim with State Farm for uninsured-motorist benefits. State Farm denied the claim and intervened in the case. The husband and wife amended their complaint to add State Farm as a defendant and alleged, among other things, that State Farm had denied their claim in bad faith. State Farm filed a motion to dismiss pursuant to Rule 12(b)(6), Ala. R. Civ. P., or for a judgment on the pleadings pursuant to Rule 12(c), Ala. R. Civ. P. The trial court granted the motion and entered a judgment in favor of State Farm.

On appeal, the issue before this Court was whether an action for bad-faith failure to pay an uninsured-motorist claim could be maintained against an insurance company before the plaintiff demonstrated that she was legally entitled to recover damages from the uninsured motorist. This Court held that " '[t]o be "legally entitled to recover as damages" the insured must establish *fault* on the part of the uninsured motorist, which gives rise to damages, and must then prove the *extent of those damages.*' " *Pontius,* 915 So. 2d at 560 (quoting State Farm's motion to dismiss and *LeFevre v. Westberry,* 590 So. 2d 154, 157 (Ala.

5

1991)). Consequently, " '[t]here can be no breach of an uninsured motorist contract, and therefore no bad faith, until the insured proves that he is legally entitled to recover.' " *LeFevre,* 590 So.2d at 158 (quoting *Quick v. State Farm Mut. Auto. Ins. Co.,* 429 So. 2d 1033, 1035 (Ala.1983)).

The Court then cited *LeFevre* and *Bowers v. State Farm Mutual Automobile Insurance Co.,* 460 So. 2d 1288, 1290 (Ala. 1984), for the proposition that a tort of bad-faith failure to pay uninsured-motorist benefits is not ripe for adjudication until the insurer and the insured become adversarial and that bad faith can arise only after that time, provided also that the dispute is legitimate and that the issues of fault and damages are resolved. "As to [the] bad-faith claim arising out of [the uninsured-motorist] coverage with State Farm," the Court concluded, the husband and wife "had to demonstrate [that they were] 'legally entitled to recover' damages for bad-faith failure to pay under the policy, and ... ' "must be able to establish fault on the part of the uninsured motorist, which gives rise to damages and must be able to prove the extent of those damages." ' " *Pontius,* 915 So. 2d at 564. Because the husband and wife failed to meet that burden, their claims were not ripe and, the Court held, the trial court lacked subject-matter jurisdiction. *Id.* at 564–65.

*Ex parte Safeway Ins. Co. of Ala., Inc.*, 148 So. 3d 39, 41-42 (Ala. 2013) (hereinafter, "*Safeway II*"), *as modified on denial of reh'g* (Dec. 13, 2013).

The Alabama Supreme Court reaffirmed [*Pontius*'s] holding in *Ex parte Safeway Insurance Company of Alabama, Inc.,* 990 So. 2d 344 (Ala. 2008) (hereinafter "*Safeway I*"). The plaintiff seeking UIM benefits alleged that liability for the accident was uncontested and that the damages were undisputed, but the insurance company submitted an affidavit in which a claim manager stated the company needed to get the plaintiff's medical records to establish the extent of her damages. *Id.* at 347–52. The court held that the affidavit showed the plaintiff's damages were in dispute, which made the plaintiff's breach of contract and bad faith claims not ripe, and the court accordingly lacked subject matter jurisdiction. *Id.* at 352–53. Justice Murdock concurred in the result of *Safeway I,* but stated that, while the plaintiff's claim was premature on the grounds that her damages weren't settled, it was incorrect to say that the court lacked jurisdiction. *Id.* at 353 (Murdock, J., concurring). Rather, if a plaintiff pleads premature claims for UIM benefits, they should be subject to dismissal under 12(b)(6), or if a

plaintiff has failed to produce evidence of a completed harm, they should be dismissed at summary judgment. *Id.* at 353 n. 6.

*Broadway v. State Farm Mut. Auto. Ins. Co.*, 4 F. Supp. 3d 1271, 1279 (M.D. Ala. Mar. 19, 2014), *appeal dismissed* (June 16, 2014).

In *Safeway II*, however, the Alabama Supreme Court limited the applicability of *Pontius*. In that case, a driver was allegedly injured when an unknown hit-and-run motorist stuck his car. *Safeway II*, 148 S. 3d at 40. The driver filed a claim with his UM/UIM insurer, which denied the claim. *Id.* The insured then sued his UM/UIM insurer for breach of contract and bad faith refusal to pay his claim. *Id.* The UM/UIM insurer moved to dismiss both claims for lack of subject matter jurisdiction, "arguing that a claim for uninsured-motorist benefits is not ripe for adjudication until liability and damages have been established." *Id.* After the trial court denied the insurer's motion to dismiss, and its subsequent motion for reconsideration, the insurer filed a petition "for a writ of mandamus directing the trial court to dismiss only the bad-faith claim, not the breach-of-contract claim, without prejudice, for lack of subject-matter jurisdiction[,]"[3] arguing that the

---

[3] Per the Alabama Supreme Court:

"Mandamus is an extraordinary remedy and will be granted only where there is '(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' *Ex parte Alfab, Inc.,* 586 So. 2d 889, 891 (Ala. 1991). This Court will not issue the writ of mandamus where the petitioner has 'full and adequate relief' by appeal. *State v. Cobb,* 288 Ala. 675, 678, 264 So. 2d 523, 526 (1972) (quoting *State v. Williams,* 69 Ala. 311, 316 (1881))."

*Safeway II*, 148 So. 3d at 41.

holding in *Pontius* controlled.  *Id.* at 41-42.

The Alabama Supreme Court disagreed.  Initially, in a footnote, the court distinguished *Pontius* from the facts at issue in noting that "[]t]he present case allegedly involves a phantom driver, whereas *Pontius*[,]" as well as both predecessor and progeny cases,  "involved a *known* driver."  *Id.* at 42 n.2.  The court was unable to find "any controlling decisions that apply *Pontius* to cases involving phantom drivers."  *Id.*

The *Safeway II* court then held that the trial court "d[id] have the authority to hear the case and [could] dismiss it on the merits."  *Id.* at 42.  As the court explained:

> The outcome of the case ought to depend on a Rule 12(b)(6) motion to dismiss, not a Rule 12(b)(1) motion to dismiss, and proving fault and damages ought to be an evidentiary or elemental prerequisite for showing an insurer's bad-faith failure to pay benefits, not a jurisdictional prerequisite.
>
> …
>
> In determining a trial court's subject-matter jurisdiction, this Court asks " 'only whether the trial court had the constitutional and statutory authority' to hear the case." *Russell v. State,* 51 So.3d 1026, 1028 (Ala. 2010) (quoting *Ex parte Seymour,* 946 So.2d 536, 538 (Ala.2006)).  Problems with subject-matter jurisdiction arise if, for example, a party files a probate action in a juvenile court, a divorce action in a probate court, or a bankruptcy petition in a circuit court, because the nature or class of those actions is limited to a particular forum with the authority to handle them. There are, however, no problems with subject-matter jurisdiction merely because a party files an action that ostensibly lacks a probability of merit.

*Id.* at 42-43.[4]

_____

[4] In so holding, the *Safeway II* court cited to Justice Murdock's special concurrence in
(Continued)

Applying this analysis to the bad faith claim at issue, the court then explained:

> Alabama's uninsured-motorist statute, § 32–7–23, Ala. Code 1975, protects "persons ... who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom." We have held that "[u]nknown phantom drivers ... are included within the definition of an uninsured motorist." *Walker v. GuideOne Specialty Mut. Ins. Co.,* 834 So.2d 769, 772 (Ala. 2002) (citing *Criterion Ins. Co. v. Anderson,* 347 So.2d 384, 386 (Ala.1977)); see also *Wilbourn v. Allstate Ins. Co.,* 293 Ala. 466, 468, 305 So. 2d 372, 373–74 (1974). Our analysis in *Walker* is relevant here:
>
>> "A motorist '*legally entitled* to recover damages' under § 32–7–23 is one who presents facts sufficient to prove that the motorist was involved in an accident under circumstances that would entitle the motorist to uninsured-motorist coverage. Such a motorist is 'legally entitled' to damages if the motorist meets his or her burden of presenting substantial evidence to survive a motion for a summary judgment or a judgment as a matter of law and the fact-finder is reasonably satisfied from the evidence that the motorist should recover damages. See § 12–21–12, Ala. Code 1975. In [the plaintiff motorist's] case, the only evidence of a culpable phantom vehicle is [the plaintiff motorist's] own testimony, which could constitute substantial evidence."
>
> *Walker,* 834 So. 2d at 772. Like the plaintiff motorist in *Walker,* Kimbrough has a chance to prove fault on the part of the phantom motorist. The holding in *Pontius* requires that Kimbrough first establish the fault of the phantom motorist before he may seek damages from Safeway for bad-faith failure to pay. We see no reason why ripeness and subject-matter jurisdiction must be implicated for this to happen. If Kimbrough cannot establish the fault of the phantom

---

*Safeway I.* *See* 148 So. 3d at 42 n.3. This Court agrees with the U.S. District Court for the Middle District of Alabama that *Safeway II* "indicates a move towards the view of Justice Murdock in Safeway I." *Broadway*, 4 F. Supp. 3d at 1279.

driver, then he cannot prove bad faith and, accordingly, Safeway may prevail on a Rule 12(b)(6) motion to dismiss.

In light of the foregoing, Safeway has not clearly demonstrated that this case is not ripe or that the trial court lacks subject-matter jurisdiction. Therefore, Safeway does not have a clear legal right to mandamus relief.

*Id.* at 43.[5]

Like *Safeway II*, this case also involves a "unknown phantom driver" that allegedly struck the plaintiff's vehicle and fled the scene;[6] whatever the wisdom of *Safeway II*,[7] the Alabama Supreme Court declined to apply the ripeness reasoning

---

[5] To date, no Alabama appellate court has applied the reasoning of *Safeway II* in a published decision.

[6] Two Alabama federal district courts have found this distinction to be key. *See Broadway*, 4 F. Supp. 3d at 1279 ("The question before the Court is whether the holding in *Safeway II* requires the Court to analyze State Farm's motion to dismiss under Rule 12(b)(1) or 12(b)(6). The Court concludes that the *Safeway II* court intended to distinguish that case from *Pontius* and *Safeway I* on the grounds that *Safeway II* involved a phantom driver."), *appeal dismissed* (June 16, 2014); *Andersen v. Omni Ins. Co.*, No. 1:13–cv–2163, 2014 WL 838811, at *3 n.6 (N.D.Ala. Mar. 4, 2014) ("*Safeway II* expressly distinguishes itself factually from *Pontius* (and those following *Pontius*, like *Safeway I*) because the latter two decisions involved known uninsured drivers, not phantom drivers." (quotation omitted)). Unlike the present action, however, both of those decisions involved known uninsured drivers; thus, those courts applied the ripeness analysis of *Pontius* to the plaintiffs' breach of contract and bad faith claims.

[7] State Farm states that it "does not agree with the rationale derived from this mandamus case" (Doc. 7-1 at 4 n.3) but cites no authority to indicate that Alabama Supreme Court mandamus decisions carry less precedential weight than other opinion, and it is not this Court's place to second-guess that court's interpretation of Alabama law. State Farm also attempts to distinguish *Safeway II* by pointing out that "*Safeway II* was a case in which breach of contract was alleged which, as set forth in the preceding section, is not present in this case." (*Id.*). This distinction is immaterial, however. While true that the plaintiff in *Safeway II* alleged claims for both breach of contract and bad faith, on mandamus review the insurer challenged only the trial court's denial of dismissal of the bad faith claim. The breach of contract claim was mentioned only as part of the case's procedural history, and there is no indication in *Safeway II* that the breach of contract claim played any significant
(Continued)

of *Pontius* to the plaintiff's bad faith claims.  Because State Farm raises the same argument here as the insurer in *Safeway II*, the Court will do likewise.  As with *Safeway II*'s plaintiff motorist, "[i]f [Lawson] cannot establish the fault of the phantom driver, then [s]he cannot prove bad faith and, accordingly, S[tate Farm] may prevail on a Rule 12(b)(6) motion to dismiss[,]" and there is "no reason why ripeness and subject-matter jurisdiction must be implicated for this to happen."  148 So. 3d at 43.  *See also Broadway*, 4 F. Supp. 3d at 1279 ("The issue of whether the plaintiff stated a claim was a matter of satisfying Rule 12(b)(6) by stating the elements or satisfying Rule 56 by producing evidence of a completed harm." (citing *Safeway II*)).  Therefore, the motion to dismiss Lawson's bad faith claims for lack of subject matter jurisdiction under Rule 12(b)(1) is due to be DENIED.

### C.    Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

#### 1.            Standard of Review

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted.  "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.' "  *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  All "reasonable inferences" are drawn in favor of the plaintiff.  *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

───────────────

role in the court's reasoning.

A complaint must "set forth a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court set forth the parameters of a well-pleaded complaint. A claim for relief "must set forth enough factual matter taken as true to suggest the required elements of a cause of action." *Id.* at 556; *see also Watts v. Florida Int'l University*, 495 F.3d 1289, 1295 (11th Cir. 2007) (applying *Twombly*). Furthermore, a complaint must "provide the defendant with fair notice of the factual grounds on which the complaint rests." *Jackson v. Bellsouth Telecommc'ns, Inc.*, 372 F.3d 1250, 1271 (11th Cir. 2004).

### 2.    Failure to State a Claim for Bad Faith

The Court disagrees with State Farm's first argument under Rule 12(b)(6) that Lawson's bad faith claims are due to be dismissed because she has failed to allege breach of contract, a necessary element for proving a bad faith claim under Alabama law. *See Safeway I*, 990 So. 2d at 351 ("Breach of an insurance contract is an element of a bad-faith-failure-to-pay claim." (quoting *Pontius*, 915 So. 2d at 564 (citing *Ex parte Alfa Mut. Ins. Co.*, 799 So. 2d 957 (Ala. 2001))). Though Lawson admittedly does not invoke the precise phrase "breach of contract" anywhere in her Complaint, in both of her bad faith causes of action, Lawson alleges, *inter alia*, that, "by the terms of [her] contract, [State Farm] was obligated to pay [her] claims" but instead denied her coverage or refused to pay. (Doc. 1-1 at 4 – 6). These allegations adequately state that a breach of contract has occurred.

As part of its second argument under Rule 12(b)(6), State Farm points out, " ' "there can be no breach of an uninsured motorist contract, and therefore no bad faith, until the insured proves that he is legally entitled to recover." ' " *Safeway I*,

990 So. 2d at 351 (quoting *Pontius*, 915 So. 2d at 563 (quoting *Quick v. State Farm Mut. Auto. Ins. Co.,* 429 So. 2d 1033, 1035 (Ala. 1983))).  State Farm argues that "[h]ere, Plaintiff seeks to prove that legal entitlement so no claim for bad faith can lie." (Doc. 7-1 at 3).

The "legally entitled to recover" "prerequisite to bad faith liability stems from Section 32–7–23 of the Alabama Code, which requires automobile policies to include UIM coverage 'for the protection of persons insured thereunder who are legally entitled to recover damages' from uninsured owners or operators. *See LeFevre v. Westberry,* 590 So. 2d 154, 156–57 (Ala.1991) (explaining the genesis of the term)." *Joffrion v. Allstate Ins. Co.*, Civil Action No. 12-0434-WS-M, 2014 WL 3518079, at *3 (S.D. Ala. July 16, 2014) (Steele, C.J.).

> The "legally entitled to recover" standard requires that the insured "must be able to [1] establish fault on the part of the uninsured motorist, which [2] gives rise to damages, and must be able to prove [3] the extent of those damages." *Quick,* 429 So. 2d at 1035 (emphasis, internal quotes omitted); *accord Ex parte State Farm Mutual Automobile Insurance Co.,* 893 So. 2d 1111, 1115 (Ala. 2004). That is, the insured must "prov[e] a lack of insurance on the part of the tort-feasor; the tort-feasor's legal liability; proximate cause; and damages," including "the extent of his damages." *LeFevre,* 590 So.2d at 162.
>
> This threshold burden is placed on the insured because, although he is seeking benefits under his own policy, he is seeking benefits based on the wrongdoing of a third party, and the insurer may resist payment on substantive grounds "that would have been available to the uninsured motorist." *State Farm Mutual Automobile Insurance Co. v. Bennett,* 974 So. 2d 959, 962 (Ala. 2007) (internal quotes omitted). "Thus, until the liability of the uninsured motorist has been determined, the insurer and insured occupy an adversary position toward each other." *Quick,* 429 So. 2d at 1035. Their positions remain adverse "until the uninsured motorist's liability is fixed; therefore, there can be no action based on the tort of bad faith based on conduct arising prior to that time, only for subsequent bad faith conduct." *LeFevre,* 590 So.2d at 159.

*Id.  Accord Pontius*, 915 So. 2d at 564 ("As to her bad-faith claim arising out of her UIM coverage with State Farm, Pontius had to demonstrate that she was 'legally entitled to recover' damages for bad-faith failure to pay under the policy, and she ' "must be able to establish fault on the part of the uninsured motorist, which gives rise to damages and must be able to prove the extent of those damages." ' *LeFevre,* 590 So. 2d at 157 (quoting *Quick,* 429 So.2d at 1035.").

As *Safeway II* noted, a " 'motorist "legally entitled to recover damages" under § 32–7–23 is one who **presents facts** sufficient to prove that the motorist was involved in an accident under circumstances that would entitle the motorist to uninsured-motorist coverage.' " 148 So. 3d at 43 (quoting *Walker*, 834 So. 2d at 772) (emphasis added).  Moreover, Alabama law is clear that an insured need not obtain a judgment against an uninsured motorist before bringing a claim for bad faith against the insured's UM/UIM insurer.  *See LeFevre*, 590 So. 2d at 160 ("Clearly, the legislature did not intend that the insured would have to sue and receive a judgment in his or her favor before bringing an action alleging bad faith.").  Thus, at the Rule 12(b)(6) stage, Lawson need only <u>allege</u> facts that, taken as true, are sufficient to show that she was involved in an accident under circumstances that would entitle her to uninsured-motorist coverage.  *Walker*, 834 So. 2d at 772.

As such, the mere fact that Lawson is asserting her bad faith claims contemporaneously with her claim for UM/UIM benefits does not, by itself, mandate dismissal of the bad faith claims.  Apart from that, the only other element of bad

faith State Farm appears to challenge as lacking is the extent of damages.[8]  (*See* Doc. 7-1 at 4 ("Here, Plaintiff seeks to liquidate her damages caused by the uninsured motorist. The damages stated by Plaintiff include 'pain and suffering,' 'mental anguish,' 'future damages' and even 'others as proven.' Complaint, ¶ 6. Clearly, Plaintiff's damages are uncertain, unliquidated and necessarily disputed. It is also clear that Plaintiff has not alleged any amount certain, clearly indicating damages that show undisputed fluidity and speculative."). It is true that, "**where the evidence of the extent of damages is disputed**, the insured has not proven, of course, that he is 'legally entitled to collect'; therefore, one of the elements of proof necessary to support an action for bad faith is missing." *LeFevre*, 590 So. 2d at 160 (emphasis added).   Moreover, "[m]ere delay does not constitute vexatious or unreasonable delay in the investigation of a claim if there is a bona fide dispute on the issue of liability…Likewise, mere delay in payment does not rise to the level of bad faith if there is a bona fide dispute on the issue of damages." *Id*. at 161.

"The insured, in short, cannot set up a bad faith claim merely by demanding payment. Instead, he must present the insurer with evidence supporting the demand. How much evidence? The insured's proof must attain a threshold 'specificity necessary to recover against an insurer for bad faith.' " *Joffrion*, 2014

---

[8] Lawson has alleged that, in the incident giving rise to her UM/UIM claims, she was rear-ended by an unknown driver (deemed an "uninsured motorist" under Alabama law), that the unknown driver was "negligent and/or wanton" in doing so by failing to stop behind her at an intersection, and that she has suffered injury as a result of the accident. (*See* Doc. 1-1 at 2 − 3).  Absent a substantive challenge from State Farm, the Court finds that she has sufficiently alleged facts showing "a lack of insurance on the part of the tort-feasor; the tort-feasor's legal liability; [and ]proximate cause…" *LeFevre*, 590 So.2d at 162.

WL 3518079, at *4 (citing *LeFevre*, 590 So. 2d at 158; *Aetna Cas. & Sur. Co. v. Beggs*, 525 So. 2d 1350, 1352-53 (Ala. 1988)).  Here, Lawson's allegations do not meet that threshold, as she alleges only that she "made a claim against Defendant State Farm for uninsured motorist benefits."  (Doc. 1-1 at 4).  Nowhere does she allege how much this claim was, that she submitted any evidence to State Farm to support this demand, or that her damages could be reasonably ascertained at the time of the claim.  *See Joffrion v. Allstate Ins. Co.*, 2014 WL 3518079, at *4 ("[T]he insured must present substantial evidence to the insurer, not merely that some vague amount of damage was caused by the fault of the uninsured motorist, but that the full amount of damage he claims actually was (or will be) suffered, that it has the value he claims, and that it was (or will be) all proximately caused by the accident."); *LeFevre*, 590 So. 2d at 162 ("Alabama has imposed a rather heavy burden on a bad faith claimant; a cause of action for bad faith arises only 'where the insurer has acted with an intent to injure.' *King v. National Found. Life Ins. Co.*, 541 So.2d 502, 505 (Ala.1989); *Alfa Mut. Ins. Co. v. Smith,* 540 So.2d 691 (Ala.1988). In the present case, LeFevre has not presented sufficient evidence to prove that State Farm acted with an intent to injure him by delaying the offer of the entire policy limits until the damages were conclusively ascertained.").  Because Lawson has not met her burden of alleging facts showing the extent of her damages, she has failed to sufficiently allege a cause of action for bad faith by State Farm.  *Cf. LeFevre*, 590 So. 2d at 162 (holding that the plaintiff insured had failed to show bad faith where he "proved each element except the extent of his damages").  Accordingly, State Farm's Rule 12(b)(6) motion is due to be **GRANTED** as to Lawson's bad faith claims.

Nevertheless, the Eleventh Circuit has held that, "[w]here it appears a more carefully drafted complaint might state a claim upon which relief can be granted, … a district court should give a plaintiff an opportunity to amend his complaint instead of dismissing it." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam). This rule in *Bank* was overruled in part in *Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541 (11th Cir. 2002) (en banc), which substituted the rule that a district court may but "is **not required** to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." 314 F.3d at 542 (emphasis added). Because the Court is of the belief that Lawson may still be able to allege a viable bad faith claim, the Court will, in exercise of its discretion, permit Lawson an opportunity to do so.

### 3.        "Redundant" Bad Faith Claims

In a footnote, State Farm asserts that it is redundant for Lawson to assert two causes of action for bad faith and that one of them should accordingly be stricken. (Doc. 7-1 at 2 n.1). The Alabama Supreme Court has recently clarified that "there is only one tort of bad-faith refusal to pay a claim, not two 'types' of bad faith or two separate torts." *State Farm Fire & Cas. Co. v. Brechbill*, 144 So. 3d 248, 257–58 (Ala. 2013) (emphasis in original), *reh'g denied* (Jan. 17, 2014). When the court "in 1981 adopted the tort of bad faith in regard to the failure to pay an insurance claim, it held, 'an actionable tort arises for an insurer's intentional refusal to settle a direct claim where there is either "(1) no lawful basis for the refusal coupled with actual knowledge of that fact or (2) intentional failure to determine whether or not there was any lawful basis for such refusal." ' " *Id.* at 257

(quoting *Chavers v. National Sec. Fire & Cas. Co.*, 405 So. 2d 1, 7 (Ala. 1981)).
"Since *Chavers,* [the Alabama Supreme Court] has referred to this tort in the
singular[,]" and its decisions have "recogniz[ed] the singularity of the tort, albeit
with different options for proof thereof." *Id.* at 258.

> [T]he tort of bad-faith refusal to pay a claim has four elements—(a) a
> breach of insurance contract, (b) the refusal to pay claim, (c) the
> absence of arguable reason, (d) the insurer's knowledge of such
> absence—with a conditional fifth element: (e) if the intentional failure
> to determine the existence of a lawful basis is relied upon, the plaintiff
> must prove the insurer's intentional failure to determine whether
> there is a legitimate or arguable reason to refuse to pay the claim.
> Thus, for the tort of bad-faith refusal to pay, requirements (a) through
> (d) represent the 'normal' case. Requirement (e) represents the
> 'abnormal' case. But the tort has always been *one*.

*Id.* (citations and quotations omitted).

Here, Lawson's Second Cause of Action appears to allege the "normal" case of
bad faith/bad-faith refusal to pay, while her Third Cause of Action, alleging that
State Farm "intentionally failed to determine whether there was a legitimate or
arguable reason to refuse to pay [her] claim[,]" alleges the "abnormal" case/bad-faith
refusal to investigate. The Court, however, finds nothing redundant about pleading
such claims in separate counts. Rather, this appears to be permissive alternative
pleading, in which Lawson alleges her intention to prove bad faith both by using
only the first four elements of such a claim and by also using the conditional fifth
element of the claim. Accordingly, the Court will **DENY** State Farm's request to
strike one of Lawson's bad faith causes of action as redundant.

## IV.    Conclusion

In accordance with the foregoing analysis, it is **ORDERED** that State Farm's

Motion to Dismiss Second and Third Causes of Action (Doc. 7) is **DENIED** as to dismissal under Rule 12(b)(1) and as to striking one of Lawson's bad faith claims as redundant, and **GRANTED** as to dismissal under Rule 12(b)(6).  Lawson's Second and Third Causes of Action alleging claims for bad faith, as set forth in her Complaint (Doc. 1-1 at 2 – 6) are **DISMISSED**.   However, Lawson is hereby **GRANTED** leave to file, no later than **Friday, May 22, 2015,** an amended complaint <u>only</u> for the purpose of making allegations sufficient to state a claim or claims for bad faith, in accordance with the reasoning of this Order and should she be able.[9]

      **DONE** and **ORDERED** this the 15th day of May 2015.

                    */s/ Katherine P. Nelson*
                    **KATHERINE P. NELSON**
                    **UNITED STATES MAGISTRATE JUDGE**

---

[9] The Court wishes to make clear that Lawson is <u>not</u> being granted wholesale leave to amend her complaint.   To the extent Lawson may wish to amend her complaint in a manner not provided for in this Order, she must do so in accordance with Federal Rule of Civil Procedure 15(a).