IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERESA LAWSON, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 15-00026-N |
| | ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) |
| | ) |
|     Defendant. | ) |

### ORDER

This action is before the Court on the "Motion to Amend and Clarify Answer" (Doc. 57) filed by Defendant State Farm Fire and Casualty Company ("State Farm"). As explained herein, the motion is deficient and is due to be **DENIED without prejudice**.

First, State Farm's motion, filed October 29, 2015, is untimely under the Court's Fed. R. Civ. P. 16(b) scheduling order, which set June 15, 2015, as the deadline for motions to amend the pleadings in this action. (*See* Doc. 23 at 4, § 6).[1] When a motion for leave to amend is filed after the deadline provided in the Court's scheduling order, the movant must first show "good cause" to modify the scheduling order under Federal Rule of Civil Procedure 16(b)(4) before the Court can consider whether to allow the amendment under Rule 15(a)'s more liberal standard. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam)

---

[1] The Court notes that the parties jointly proposed this deadline in their Fed. R. Civ. P. 26(f) planning report. (*See* Doc. 15 at 3). Though the parties jointly moved to amend the scheduling order to extend certain deadlines (*see* Doc. 45), the deadline to amend pleadings was not one of them and remained unchanged from its initial setting. (*See* Doc. 47).

("Sosa's brief on appeal does not address good cause under Rule 16(b), but focuses instead upon the liberal amendment standard set out in Federal Rule of Civil Procedure 15(a). If Sosa's motion for leave to amend had been filed within the time prescribed by the scheduling order, Rule 15(a) would be our primary focus, as well. However, because Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a). If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." (citations omitted)); *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) (per curiam) ("A plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b)."). State Farm's motion to amend does not acknowledge its tardy filing and cites only to Rule 15(a)(2)'s liberal amendment standard.[2]  State Farm has not argued why there is "good cause" under Rule 16(b)(4) to allow the tardy amendment.

Second, this Court's local rules require that a proposed amended pleading be filed as an attachment to a motion to amend.  *See* S.D. Ala. CivLR 15(b).[3]  Though

---

[2] State Farm actually cites "FRCP (15)(b)" as the Rule under which it seeks amendment.  (*See* Doc. 57 at 3).  However, Rule 15(b), allowing for "amendments during and after trial," is inapplicable at this stage of the case, and State Farm's substantive discussion references Rule 15(a)(2)'s  "leave to amend to be freely granted when justice so requires" standard.

[3] Moreover, "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended and may not incorporate any
    (Continued)

State Farm attaches approximately sixty pages of various exhibits to its motion to amend, a proposed amended answer is not one of them.

Accordingly, it is **ORDERED** that State Farm's "Motion to Amend and Clarify Answer" (Doc. 57) is **DENIED without prejudice** to State Farm's ability to refile its request to amend that cures the above-stated defects.[4]

**DONE** and **ORDERED** this the 2nd day of November 2015.

>*/s/ Katherine P. Nelson*
>**KATHERINE P. NELSON**
>**UNITED STATES MAGISTRATE JUDGE**

---

prior pleading by reference." S.D. Ala. CivLR 15(a).

[4] State Farm's motion to amend (Doc. 57) does not indicate that State Farm consulted with the Plaintiff prior to filing the motion. If State Farm has not done so, it should first attempt to obtain the Plaintiff's consent to the proposed amendment of its answer, which would obviate the need for a motion for leave to amend. *See* Fed. R. Civ. P. 15(a)(2) (Once amendment as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent **or** the court's leave." (emphasis added)).